**UNITED STATES of America, Plaintiff,**

v.

**Undra HEARD, Defendant.**

**No. 91 CR 311–1.**

United States District Court,
N.D. Illinois, E.D.

Jan. 15, 1993.

Undra Heard, pro se.

## MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

Undra Heard ("Heard"), who is now in the custody of the Attorney General under a sentence imposed by this Court back in October 1991, has filed a self-prepared motion for a reduction in his sentence because of the later-adopted amendment to Sentenc-

ing Guideline ("Guideline") § 3E1.1. That amendment, which took effect November 1, 1992, has increased by one level the potential reduction in a defendant's criminal offense level attributable to his or her acceptance of responsibility, under circumstances specified in the amended Guideline (under the version of Guideline § 3E1.1 that was in effect before November 1, 1992, qualifying defendants received only a two-level reduction).

It is obvious that the prison grapevine is in full flower in this instance. Within the past two weeks this Court has received no fewer than five such motions from defendants lodged in different Bureau of Prisons institutions around the country, in each instance requesting the retroactive application of the Guideline § 3E1.1 amendment. This opinion is therefore not only being issued in this case but is also being published, to facilitate this Court's ability to provide like responses to other such movants in the future.

It will be assumed for purposes of this opinion that Heard could indeed qualify on a factual basis for a three-level (rather than two-level) reduction if he were being sentenced now rather than in 1991:

    1. Before he received the credit for acceptance of responsibility, Heard's criminal offense level was 19 (new Guideline § 3E1.1(b) requires a level of 16 or more).

    2. Heard has in fact qualified for, and was given, a two-level decrease for such acceptance of responsibility under former Guideline § 3E1.1(a) (which provision is repeated in the same subsection in the current version).

    3. For the sake of argument this Court also assumes (although no finding to that effect needs to be made under the circumstances) that Heard would meet one of the alternatives now set out in new Guideline § 3E1.1(b)(1) or (2), so as to create an entitlement to the additional one-level reduction.

But Heard's problem—one that deprives him of any right to take advantage of that assumed set of facts—is that this Court simply has no power to grant such retroactive relief.

To eliminate one potential source of relief immediately, Fed.R.Crim.P. 35 plainly confers no jurisdiction that Heard could invoke for any reduction of his sentence. And because 18 U.S.C. § 3553(a)(4) expressly brings into play the Guidelines that were "in effect on the date the defendant [was] sentenced," Heard is left with only one possibility for avoiding the earlier version of Guideline § 3E1.1: the provision for post-sentencing modification that is set out in 18 U.S.C. § 3582(c)(2) ("Section 3582(c)(2)"):

    **(c) Modification of an imposed term of imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—

    \*    \*    \*    \*    \*    \*

    (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

There might perhaps be room for an interesting semantic debate as to whether a Guideline change by the Sentencing Commission that involves only the lowering of the defendant's criminal conduct level involves "a sentencing range that has subsequently been lowered by the Sentencing Commission," so as to bring Section 3582(c)(2) into play at all. After all, that kind of Guideline amendment does not "lower" a range as such, even though by reducing the applicable level it necessarily brings a lower range into play.

But that problem of statutory construction need not be reached, because in any event Heard fails under the last clause of Section 3582(c)(2), which expressly requires

that "such a reduction [be] consistent with applicable policy statements issued by the Sentencing Commission." Not surprisingly in light of that statutory provision, the Sentencing Commission has specifically addressed the subject of the retroactivity of amended Guidelines ranges in a policy statement, in this instance found at Guideline § 1B1.10.[1] Here are the relevant provisions of that policy statement:

(a) Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the guidelines listed in subsection (d) below, a reduction in the defendant's term of imprisonment may be considered under 18 U.S.C. § 3582(c)(2). If none of the amendments listed in subsection (d) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement.

  *  *  *  *  *  *

(d) Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 379, 380, 433, and 461.

Guideline amendments such as those adverted to in Guideline § 1B1.10 are numbered sequentially, based on their respective dates of adoption. In this instance only one of the listed amendments is among the numerous changes that took effect November 1, 1992: Amendment 461. And that amendment has nothing to do with the increased credit for acceptance of responsibility. Instead it was Amendment *459* that embodied the change in Guideline § 3E1.1 on which Heard seeks to rely—and being close counts only in horseshoes.

Thus it is plain that the Sentencing Commission has expressly considered what scope is to be given to Section 3582(c)(2). It is equally plain that the Commission has *not* included the amendment to Guideline

**1.** In adopting that statement, the Sentencing Commission has directly implemented the mandate of 28 U.S.C. § 994(u):

 If the Commission reduces the term of imprisonment recommended in the guidelines appli-

§ 3E1.1 as qualifying for retroactive application. Accordingly Heard cannot receive the added one level credit provided for in that amendment, so that he consequently may not receive any reduction in his sentence. Heard's motion is denied.

cable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced.