UNITED STATES of America

v.

Benjamin CRUZ.

Crim. A. No. 92–00101–01.

United States District Court, E.D. Pennsylvania.

Feb. 19, 1993.

Ewald Zittlau, Asst. U.S. Atty., Philadelphia, PA, for U.S.

Worrell D. Nero, Philadelphia, PA, for defendant.

## MEMORANDUM

KATZ, District Judge.

AND NOW, this 19th day of February, 1993, upon consideration of Defendant's Motion for Modification of Sentence, it is hereby ORDERED that Defendant's Motion is DENIED for the reasons stated below.

This court sentenced Defendant to 63 months on three drug-related counts on July 16, 1992. The Guidelines in place at the time of the Defendant's sentencing allowed for a maximum reduction of two offense levels for Defendant's acceptance of responsibility. This court granted Defendant the two-level reduction.

Defendant now argues that his sentence should be modified based upon the Sentencing Guideline amendments effective November 1, 1992. Specifically, Defendant argues that the amendments to U.S.S.G. § 3E1.1 should be applied retroactively to his case. Section 3E1.1, as now amended, allows for a total reduction of three offense levels for acceptance of responsibility if the defendant qualifies. *See* U.S.S.G. § 3E1.1. *See also* U.S.S.G. Appendix C, Amendment 459. Qualification requires that the defendant face an offense level of 16 or greater and that the defendant assisted authorities in the investigation or prosecution of his own misconduct by timely providing complete information or timely notifying authorities of his intent to enter a plea. *See* § 3E1.1(b).

The Guidelines allow for reconsideration of a defendant's term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2), based upon retroactivity of an amended Guideline range: "[w]here a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the guidelines listed in subsection (d)." U.S.S.G. § 1B1.10(a). The amendments listed in subsection (d) include: 126, 130, 156, 176, 269, 329, 341, 379, 380, 433, and 461. *See* U.S.S.G. § 1B1.10(d). As indicated above, U.S.S.G. § 3E1.1 was changed by amendment 459, not listed in subsection (d).

This court, therefore, finds that the amendment to U.S.S.G. § 3E1.1 was not intended by the Sentencing Guideline Commission to be applied retroactively. This court further finds that the Guidelines in place at the time of the Defendant's sentencing, which allowed for a maximum of a two-level reduction for acceptance of responsibility, shall stand.