IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 92-1527

---

UNITED STATES OF AMERICA          Petitioners-Appellee

versus

JUAN RUBEN GONZALES          Defendant-Appellant

---

Appeal from The United States District Court
for The Northern District of Texas

---

(March 29, 1993)

Before WISDOM and DUHE, Circuit Judges and HAIK,[1] District Judge.

HAIK, District Judge:

Juan Ruben Gonzales, appellant, was charged by indictment with a violation of 8 U.S.C. Section 1326, Reentry of a Deported Alien. He pled guilty and was sentenced to eighty-six months in custody, three years of supervised release, and ordered to pay a mandatory special assessment fee of $50.00. The District Court sentenced Gonzales under the guidelines which were in effect at the time he was sentenced. Gonzales contends that he should have been sentenced pursuant to the guidelines which were in effect at the time he reentered the United States. We affirm the District Court.

---

[1] District Judge of the Western District of Louisiana, sitting by designation.

**FACTS**

On August 27, 1979 Gonzales was granted permanent residency status. In 1989, he was convicted of an aggravated felony[2]. On April 24, 1991, as a result of his conviction, he was remanded into the custody of the Immigration and Naturalization Service and deported from the United States as an aggravated felon. Gonzales made a speedy return to the United States. He was back over the border within hours of his deportation, staying with relatives in Dallas. He remained there as an illegal alien until he was discovered and arrested on November 21, 1991.

The district court enhanced appellant's base offense level by sixteen levels pursuant to U.S. Sentencing Guidelines Section 2L1.2(b)(2), an amendment to the guidelines which became effective November 1, 1991. The district court ruled that there was no ex post facto problem which would entitle Gonzales to be sentenced under an earlier and more lenient version of the guidelines.

**DISCUSSION**

Gonzales argues that the district court should have applied the guidelines in effect at the time he **entered** the country rather than when he was **found** in the country. An application of the guidelines prior to the amendment would result in a decrease of twelve offense levels, and thereby reduce his sentence.

Gonzales contends that he violated 8 U.S.C. Section 1326 on

---

[2] The Presentence Report indicates that Gonzales was convicted of "Unlawful Possession with Intent to Deliver a controlled Substance" and was sentenced to serve fifteen years.

**2**

April 25, 1991 when he reentered the United States.  He claims the application of the sentencing guidelines in effect on November 1, 1991 for a crime committed on April 25, 1991 constitutes a violation of the ex post facto clause of the United States Constitution.

The guidelines in effect at the time of sentencing are the appropriate source for determining a sentence absent an ex post facto problem.  U.S. v. Ainsworth, 932 F.2d 358, 362 (5th Cir.), cert. denied, _____ U.S. _____, 112 S.Ct. 327, 346 (1991).  A criminal law is ex post facto if it is retrospective and disadvantages the offender by altering substantial personal rights. Miller v. Florida, 482 U.S. 423, 430 (1987).

We need not decide whether the guidelines as amended are retrospective because Gonzales committed the offense after November 1, 1991 when the amendment became effective.  The clear language in 8 U.S.C. Section 1326(a)(2) provides three separate occasions upon which a deported alien may commit the offense:  1) when one illegally enters the United States; 2) attempts to illegally enter the United States; or 3) when a deported alien is found at any time in the United States.  The plain words of the statute set out discrete points in time when the crime may be committed.

One of the three means of committing the offense outlined in 8 U.S.C. 1326(a)(2) is to be a deported alien found within the borders of the United States.  Gonzales admits that he was discovered after the effective date of the amendment to the sentencing guidelines.  He was charged by indictment with having

3

illegally entered the United States and having been found as an illegal alien.  He pled guilty to this charge and admitted to the underlying facts as presented by the government at the time of his plea.

The government's argument that petitioner should be sentenced under the new version of the guidelines is well founded.  There are no ex post facto consequences.  The district court properly applied the amended version of the guidelines when determining the appropriate sentence for Gonzales.

We AFFIRM the sentence handed down by the district court.