995 F.2d 1066
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Helen CONWELL, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-1128.
 United States Court of Appeals, Sixth Circuit.
 June 14, 1993.
 
 1
 Before: GUY and SUHRHEINRICH, Circuit Judges, and DOWD, District Judge.*
 
 ORDER
 
 2
 Helen Conwell, a pro se federal prisoner, appeals a district court order denying her motion to retroactively reduce her sentence filed pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 On May 1, 1991, Conwell pleaded guilty to one count of bank fraud in violation of 18 U.S.C. § 1344. She was sentenced on October 18, 1991, to 30 months imprisonment and 3 years supervised release. This sentence was based upon a total offense level of 18 and a criminal history category of I and reflected a two-level decrease for acceptance of responsibility. In addition, Conwell was ordered to pay restitution in the amount of $743,193.
 
 
 4
 Conwell did not appeal her sentence, but filed a series of post-conviction motions seeking to reduce her sentence or vacate the restitution order. All were denied by the district court.
 
 
 5
 In November 1992, Conwell wrote to the district court, seeking an additional one-level reduction for acceptance of responsibility pursuant to a recent amendment to the Sentencing Guidelines. See U.S.S.G. § 3E1.1(b) (eff. Nov. 1, 1992). The district court construed Conwell's letter as a motion to reduce sentence under 18 U.S.C. § 3582(c)(2), and denied the motion in a memorandum opinion and order filed on January 7, 1993. In so doing, the district court found that U.S.S.G. § 3E1.1(b) is not one of the amendments listed in U.S.S.G. § 1B1.10(d) which may be applied retroactively. The district court further determined that, in any event, the circumstances of Conwell's case would not merit the reduction.
 
 
 6
 On appeal, Conwell argues that, even though U.S.S.G. § 3E1.1(b) is not specifically identified as retroactively applicable, the Sentencing Commission did not rule out a retroactive reduction.
 
 
 7
 Upon de novo review, we affirm the district court's order because Conwell is not entitled to retroactive application of U.S.S.G. § 3E1.1(b) for the reason stated by the district court. See United States v. Mooneyham, 938 F.2d 139, 140 (9th Cir.), cert. denied, 112 S.Ct. 443 (1991); United States v. Heard, 810 F.Supp. 242, 244 (N.D.Ill.1993).
 
 
 8
 Even if it is assumed that the district court retained discretion to apply the amended version of U.S.S.G. § 3E1.1(b), as argued by Conwell on appeal, she would still not be entitled to resentencing. The district court explicitly found that Conwell's untimely plea required the government to prepare for trial. That finding by the district court is not clearly erroneous. See United States v. Snyder, 913 F.2d 300, 305 (6th Cir.1990), cert. denied, 111 S.Ct. 709 (1991). Thus, even if the amendment were retroactively applicable, Conwell's case does not merit the additional reduction. See U.S.S.G. § 3E1.1(b)(2) (eff. Nov. 1, 1992).
 
 
 9
 Accordingly, the district court's order, entered January 8, 1993, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable David D. Dowd, Jr., U.S. District Judge for the Northern District of Ohio, sitting by designation