7 F.3d 232
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John Kent CLARK, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-5622.
 United States Court of Appeals, Sixth Circuit.
 Oct. 15, 1993.
 
 1
 Before: MARTIN and JONES, Circuit Judges, and DeMASCIO, Senior District Judge.*
 
 ORDER
 
 2
 John Kent Clark, a pro se federal prisoner, appeals a district court judgment denying a motion to vacate or correct his sentence filed under 28 U.S.C. § 2255. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 In 1991, Clark pleaded guilty to one count of defrauding a federally insured bank in violation of 18 U.S.C. § 371. He is now serving a sentence of 33 months' imprisonment and 3 years' supervised release as a result of this conviction. The undisputed portions of Clark's presentence investigation report ("PSI") indicate that he was a buyer for Arch Coal Sales, Inc. ("Arch"). He conspired with a coal broker, Erik Charles, to defraud the Bank Josephine of Prestonsburg, Kentucky. Clark and Charles's secretary produced false composite sheets which indicated that Arch had received more coal from Charles than it had actually received. These documents supported copies of false invoices that Charles prepared against Arch and submitted to the bank. Pursuant to a factoring agreement, the bank advanced Charles 85% of the amount represented on the invoices. Arch routinely paid the sum represented on the invoices to the bank, which then adjusted Charles's accounts accordingly. Charles submitted falsified invoices totaling $2,294,765.08 to the bank, and the bank deposited 85% of this amount or $1,950,550.20 into Charles's accounts.
 
 
 4
 Clark raised three claims in his current motion: 1) the bank's loss was miscalculated in determining his sentence; 2) he received a two-level increase for overall offense behavior which violated his plea agreement with the United States; and 3) he is now entitled to a three-level reduction for acceptance of responsibility under a recent amendment to the sentencing guidelines. On March 23, 1993, the district court denied Clark's motion because he had not shown cause or prejudice that would excuse his failure to raise these claims on direct appeal. It is from this judgment that Clark now appeals.
 
 
 5
 A motion to vacate under § 2255 is not a substitute for a direct appeal. See Bateman v. United States, 875 F.2d 1304, 1307 (7th Cir.1989) (per curiam). Thus, to obtain collateral relief, Clark must show cause that would excuse the failure to raise his claim on direct appeal and actual prejudice from the errors that he alleges. See United States v. Frady, 456 U.S. 152, 167-68 (1982). This test applies in cases, like Clark's, where the defendant has been convicted pursuant to a guilty plea and where he has completely failed to bring a direct appeal. See Ratliff v. United States, 999 F.2d 1023, 1025-1026 (6th Cir. July 30, 1993). The dismissal of Clark's motion was proper because each his claims fails to meet at least one part of the test. See Murray v. Carrier, 477 U.S. 478, 494-95 (1986).
 
 
 6
 Clark first argues that his offense level was increased by twelve levels when only an eleven-level increase was appropriate because the bank's net loss was limited by Charles's $1,000,000 credit line and by the actual loss that it incurred for coal that was not delivered. The trial court relied on the loss figure that was presented in Clark's PSI report to determine his sentence. Clark and his attorney reviewed the report but they did not object to the loss figure that it described. Clark now argues that he was not aware of the trial court's sentencing errors until after the time for filing a direct appeal had expired. However, the PSI clearly describes Charles's credit limit. It also contrasts the amount of coal represented by the fraudulent invoices with the amount of loss that the bank actually sustained. Clark has not established cause because these figures provided an ample basis for raising his current claim at sentencing or on direct appeal.
 
 
 7
 While the absence of cause is itself a sufficient bar to collateral review of this claim, Clark's attempt to show actual prejudice is also ultimately unavailing because of an overlap in sentencing ranges under the guidelines. The disputed increase to Clark's offense level should have been based on the amount of loss that the bank actually suffered. See U.S.S.G. § 2F1.1, comments 7(a) and 7(b). The ultimate effect of this recalculation would be to reduce Clark's sentencing range from 33-41 months to 30-37 months. The sentence that Clark received falls within either range. Thus, his allegations regarding prejudice are speculative at best, and the district court properly determined that Clark's first claim was not reviewable under § 2255 as he had not met either prong of the Frady test.
 
 
 8
 Clark also argues that the United States violated his plea agreement when it failed to object to a two-level increase that he received for playing a supervisory role in the offense under U.S.S.G. § 3B1.1(c). However, at sentencing, Clark's attorney argued that the two-level increase for Clark's role in the offense had not been anticipated by the plea agreement. Thus, Clark has not shown cause because he was aware of his attorney's argument during the prescribed period for filing an appeal.
 
 
 9
 The district court also properly found that Clark had not suffered actual prejudice from the alleged error. The application of § 3B1.1(c) did not violate any express provision of the plea agreement, and the PSI supports the court's finding that Clark had played a supervisory role in the offense. In addition, the district court properly held that an increase under § 3B1.1(c) was not precluded by the two-level increase that Clark also received under § 2F1.1(b)(2). See United States v. Boula, 932 F.2d 651, 654-55 (7th Cir.1991).
 
 
 10
 Finally, Clark argues that he should be resentenced because U.S.S.G. § 3E1.1 has been amended to allow a three-level reduction for acceptance of responsibility. Clark has shown adequate cause regarding this claim because the amendment to § 3E1.1 was not effective until after the time for filing his direct appeal had expired. See Bateman, 875 F.2d at 1307.
 
 
 11
 Nevertheless, Clark has not satisfied the prejudice prong of the Frady test because retroactive application of the amendment is clearly not warranted under the guidelines. Retroactive application is only appropriate for certain amendments to the guidelines which do not include the amendment to § 3E1.1. See U.S.S.G. §§ 1B1.1(d) and 1B1.10(a); United States v. Pustol, 812 F.Supp. 1092, 1093-94 (E.D.Wash.1993); United States v. Heard, 810 F.Supp. 242, 244 (N.D.Ill.1993). Moreover, Clark is bound by his plea agreement which expressly provides for only a two-level reduction. See Warner v. United States, 975 F.2d 1207, 1212-13 (6th Cir.1992), cert. denied, 113 S.Ct. 1314 (1993).
 
 
 12
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert E. DeMascio, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation