9 F.3d 1544
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dolores Alcides HERNANDEZ, Defendant-Appellant.
 No. 92-5659.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 23, 1993.
Decided: November 15, 1993.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore.
 Terrence M. Nolan, Glen Burnie, Maryland; Ruth Saff, Royal Oak, Maryland, for Appellant.
 Richard D. Bennett, United States Attorney, Jefferson M. Gray, Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 D.Md.
 AFFIRMED.
 Before WIDENER and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Dolores Alcides Hernandez entered a guilty plea to one count of reentry by a deported alien in violation of 8 U.S.C.A. § 1326 (West Supp. 1993), and possession of a firearm by an illegal alien in violation of 18 U.S.C.A. § 922(g)(5) (West Supp. 1993). He appeals the sentence imposed on the grounds that application of the 1991 guidelines constituted an ex post facto violation, and that the district court erred in finding that he had previously committed an aggravated felony. We affirm.
 
 
 2
 In February 1991, Hernandez pleaded guilty in Maryland state court to statutory rape of his twelve-year-old daughter[1] under Md. Code Ann. § 463(a)(3).[2] After serving six months of a ten-year sentence (the balance was suspended), Hernandez was released from state custody. He was deported in September 1991. In November 1991, the Immigration and Naturalization Service learned that he was again living with his family in Maryland. Hernandez was arrested and charged with being found in the United States unlawfully after being deported and also with possession of a firearm by an illegal alien.
 
 
 3
 At his sentencing hearing, Hernandez argued that he had committed the offense when he reentered the United States prior to November 1, 1991, and therefore, if application of the amendments to the guidelines which became effective on November 1, 1991, would increase his sentence, the 1990 guidelines should be used. United States v. Morrow, 925 F.2d 779 (4th Cir. 1991). The district court correctly determined that Hernandez had not only violated the statute by reentering the country, but also by being found in the country after November 1, 1991. See United States v. Gonzales, 988 F.2d 16 (5th Cir. 1993), cert. denied, 62 U.S.L.W. 3248 (U.S. Oct. 4, 1993).[3] Use of the guidelines in effect on the date of sentencing to determine the sentence did not cause an ex post facto problem in this case.
 
 
 4
 Because the district court decided that Hernandez's prior conviction of statutory rape was a crime of violence, his sentence calculation included enhancements under both guideline section 2L1.2(b)(2) and section 2K2.1(a)(4)(A). We find no error in the court's determination.
 
 
 5
 An "aggravated felony," as used in section 2L1.2, is defined in application note 7 as any crime of violence as defined in 18 U.S.C.A. § 16 (West Supp. 1993) for which the term of imprisonment is at least five years. Section 16 defines "crime of violence" as an offense which "has as an element the use, attempted use, or threatened use of force," or any other felony that, "by its nature, involves a substantial risk that physical force against the person ... of another may be used in the course of committing the offense."
 
 
 6
 The determination of whether an offense is a crime of violence "by its nature" under § 16(b) is a question of law. United States v. Aragon, 983 F.2d 1306, 1311 (4th Cir. 1993). In making its determination, the district court should use a categorical approach rather than inquiring into the particular facts of the offense, and ask whether the offense by its nature "creates a substantial risk of the possible use of physical force." Id. at 1313 (emphasis in the original). A common sense view of second degree rape under Md. Code Ann., art 27,s 463(a)(3), see Aragon, 983 F.2d at 1324; United States v. Thompson, 891 F.2d 507, 509 (4th Cir. 1989), cert. denied, 495 U.S. 922 (1990), leads us to the conclusion that when an older person engages in vaginal intercourse with a child under fourteen, there is always a substantial risk of physical force being used to ensure the child's compliance, even if the child does not resist and no force is used in a particular case. Moreover, the act of intercourse is itself an assault on the immature body of a child and may result in injury. Watson v. State, 580 A.2d 1067 (Md. 1990), relied on by Hernandez, involved a factual inquiry into the conduct underlying a prior conviction sought to be admitted for impeachment of character evidence in a murder trial. It is not relevant to the categorical inquiry necessary under § 16(b).
 
 
 7
 Our view is supported by two recent Eighth Circuit decisions holding that statutory rape and "lascivious acts with a child," both Iowa offenses in which the use or threat of force is not an element, are crimes of violence under § 16(b). See United States v. Bauer, 990 F.2d 373 (8th Cir. 1993); United States v. Rodriguez, 979 F.2d 138 (8th Cir. 1992).
 
 
 8
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 The offense took place just prior to her thirteenth birthday
 
 
 [2]
 The statute provides in pertinent part:
 (a) What constitutes.-A person is guilty of rape in the second degree if the person engages in vaginal intercourse with another person:
 ...
 (3) Who is under 14 years of age and the person performing the act is at least four years older than the victim.
 (b) Penalty.-Any person violating the provisions of this section is guilty of a felony and upon conviction is subject to imprisonment for a period of not more than 20 years.
 
 
 [3]
 We also note that a violation of the "found in" portion of § 1326 has been held to be a continuing offense, United States v. Rincon-Jimenez, 595 F.2d 1192, 1194 (9th Cir. 1979), and that this view does not preclude application of a guideline amendment when the offense goes on past the date of the amendment. Cf. United States v. Barsanti, 943 F.2d 428 (4th Cir. 1991), cert. denied, 60 U.S.L.W. 3652 (U.S. 1991)