UNITED STATES of America

v.

Willie Earl BROWN.

Crim. No. 3:90–cr–64W.
Civ. A. No. 3:92–cv–682WS.

United States District Court,
S.D. Mississippi,
Jackson Division.

Feb. 23, 1995.

WINGATE, District Judge.

Before the court is the petition of Willie Earl Brown by which he seeks to vacate or modify his sentence in Criminal No. 3:90–cr–64W pursuant to Title 28 U.S.C. § 2255.[1] Earlier, a federal grand jury indicted Brown on two counts of cocaine possession with intent to distribute under 21 U.S.C. § 841(a)–(1). On April 3, 1991, Brown entered a plea of guilty to Count I pursuant to a plea agreement with the Government. Count II was dismissed. He was sentenced on June 14, 1991. Brown asserts that his sentence of 210 months under Count I was unconstitutional. Specifically, Brown contends that this court was without jurisdiction to rely on his two prior felony convictions in 1981 and 1985 in order to enhance the applicable guideline range. This, says Brown, violated the "*ex post facto* clause" of Art. I § 9, cl. 3; Art. I, § 10, cl. 1,[2] of the United States Constitution.

. Brown also asserts that he received ineffective assistance of counsel because his attorney failed to object to the court's use of the 1981 and 1985 convictions in calculating Brown's sentence.

On January 4, 1995, Brown sought leave from this court to amend his motion to vacate. If allowed to amend, Brown would argue that he is entitled to the benefit of a May 11, 1992, amendment to the United States Sentencing Commission Guidelines (hereinafter "Sentencing Guidelines") that went into effect November 11, 1992, over one year after Brown was sentenced. Brown correctly observes that the United States Sentencing Commission amended the Sentencing Guidelines under § 3E1.1(a) from a two (2) level reduction to a three (3) level reduction for acceptance of responsibility if defendant (1) gives timely information involv-

U.S. Attorney's Office, Jackson, MS, for U.S.

Willie Earl Brown, pro se.

1. Title 28 U.S.C. § 2255 provides in pertinent part:

   A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move to vacate, set aside or correct the sentence.

   A motion for such relief may be made at any time.

2. Article I, Section 9, clause 3 provides that "[n]o Bill of Attainder or ex post facto law shall be passed." Article I, Section 10, clause 1 provides in pertinent part that "[n]o State shall ... pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligations of Contracts, or grant any Title of Nobility."

ing his criminal conduct ..., or (2) enters a timely plea of guilty before the government becomes prepared for trial. According to Brown, he is entitled to have the benefit of the three level reduction retroactively, vice the two level reduction he received.

■ Settled case law proclaims that a guideline sentence should be upheld unless the defendant can demonstrate that the sentence was imposed in violation of the law, was imposed because of an incorrect application of the Sentencing Guidelines, or that the sentence imposed exceeded the maximum range of the applicable guidelines and is unreasonable. *See United States v. Calverley,* 11 F.3d 505 n. 2 (5th Cir.1993), quoting (*United States v. Gaitan,* 954 F.2d 1005, 1008 (5th Cir.1992), and *United States v. Parks,* 924 F.2d 68, 71 (5th Cir.1991)).

Having studied petitioner's motion in all particulars, this court is not persuaded to grant to petitioner any of the relief he seeks. Rather, this court is of the opinion that Brown has not come forward with facts or law favorable to his positions. The court's reasoning is set out below.

### a. *The Ex Post Facto Claim*

■ Article I of the United States Constitution provides that neither Congress nor any State shall pass any "ex post facto law." Art. I § 9, cl. 3; Art. I, § 10, cl. 1. A criminal law is ex post facto if it is retrospective and disadvantages the offender by altering substantial personal rights. *Miller v. Florida,* 482 U.S. 423, 430, 107 S.Ct. 2446, 2451, 96 L.Ed.2d 351 (1987) (and the discussion therein contained). Our jurisprudence recognizes four established tests for determining whether a challenged law violates the ex post facto clause:

(1) whether the law makes criminal after the fact an action deemed innocent when committed;

(2) whether the law aggravates or makes the crime greater than it was when committed;

(3) whether the challenged law changes a law to inflict greater punishment after the crime was committed; and

(4) whether the law alters the rules of evidence to reduce the government's burden of proof.

*See Miller v. Florida,* 482 U.S. 423, 430, 107 S.Ct. 2446, 2450, 96 L.Ed.2d 351 (1987), citing *Calder v. Bull,* 3 Dall. 386, 1 L.Ed. 648 (1798).

On April 3, 1991, Brown entered a plea of guilty wherein he admitted that he had purchased cocaine from a confidential informant for $1,200.00 on May 7, 1990. He also admitted that he had prior convictions for drug related felonies in 1981 and 1985. Brown was sentenced under the guidelines in effect on June 14, 1991. Brown contends that his 1981 and 1985 convictions preceded the guidelines used to impose sentence upon him; therefore, says Brown, his sentence was improperly enhanced because this court took into consideration these two prior convictions. This, says Brown, violates the ex post facto clause of the United States Constitution, Article I, § 9, cl. 3.

The Sentencing Guidelines in the instant case provided for a sentencing range from 210 to 262 months. This court imposed 210 months, the lowest end of the guideline range. Hence, Brown is not actually complaining about an enhanced sentence in the ordinary sense. Instead, he is taking issue with the computation of his criminal history number under the Sentencing Guidelines and the total offense level derived from the prescribed computation under the Sentencing Guidelines, which was 32.

Brown cites *U.S. v. Golden,* 954 F.2d 1413 (7th Cir.1992), in support of his argument that this court had no jurisdiction to consider his 1981 and 1985 prior convictions. However, the *Golden* decision dealt only with retroactive application of certain amendments to the Sentencing Guidelines, and not with the court's reliance upon any prior convictions to compute a defendant's criminal history number and total offense level.

Brown also cites *U.S. v. Wilson,* 962 F.2d 621 (7th Cir.1992). However, the *Wilson* case, too, did not address a court's reliance on prior convictions in the ultimate computation of a defendant's criminal history or total offense level. In *Wilson,* the defendant was indicted on two counts of bank robbery pur-

suant to Title 18 U.S.C. § 2113(a) and (d), and two counts of using a firearm in the commission of a violent crime under 18 U.S.C. § 924(c) which provides in pertinent part that, "[i]n the case of his second or subsequent conviction under this subsection, such person shall be sentenced to imprisonment for twenty years...." The defendant was sentenced in accordance with this provision. On appeal, the Seventh Circuit noted that when the defendant was sentenced for a subsequent conviction under 18 U.S.C. § 924(c), all parties concerned assumed that the twenty-years mandatory sentencing provision applied. However, according to the Seventh Circuit, on appeal the defendant correctly pointed out that in 1988, when the robberies in question had been committed, § 924(c) carried a ten-years rather than a twenty-years mandatory sentence. The mandatory ten-years sentencing provision was not amended to provide for a mandatory twenty-years sentence until November 18, 1988. This was well after the robberies in question. Hence, said the Seventh Circuit, the trial court's application of the twenty-years mandatory sentencing provision was plain error since this violated the ex post facto clause. The Seventh Circuit also noted that retrospective application of guideline changes does not necessarily transgress the ex post facto clause. The Court acknowledged that although sentencing guidelines may be laws for purposes of the ex post facto clause, retrospective application of some guideline changes—particularly those in which an offender is exposed to the same potential range of sanctions before and after the change—must be examined individually to determine whether the specific change exceeds constitutional constraints. Notwithstanding this observation regarding the sentencing guidelines, the Seventh Circuit concluded that in the *Wilson* case it was clear that the trial court's retrospective application of the amended § 924(c), and not retrospective application of a sentencing guideline, offended the ex post facto clause. So, nei-

ther *U.S. v. Golden* nor *U.S. v. Wilson* offer the on-point juridical support Brown desires.

The Government's response to Brown's argument is that Brown has admitted that he purchased cocaine from a confidential informant for $1,200.00 on May 7, 1990; that Brown additionally has admitted prior 1981 and 1985 convictions; and that under the applicable Sentencing Guidelines, Brown's felony convictions were properly counted. Relying upon Application Note 1 to § 4A1.1 [3] of the applicable United States Sentencing Guidelines, the Government correctly notes that prior felonies may be counted, except those sentences imposed more than fifteen (15) years prior to the subject offense. Section 4A1.2(e)(1) provides additional clarification, as it states that "[a]ny prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted." The two sentences counted in the case *sub judice* were within fifteen years of the instant offense, and both exceeded one year and one month of imprisonment. So, says the Government, the court properly counted these convictions in the ultimate computation of Brown's sentence.

■ Brown has made no assertion that either his 1981 conviction or his 1985 conviction is invalid. It is incumbent upon the defendant to prove the invalidity of any prior convictions to prevent their use in the computation of criminal history. *See U.S. v. Hoffman,* 982 F.2d 187 (6th Cir.1992); *also see United States v. Canales,* 960 F.2d 1311 (5th Cir.1992) (holding that a defendant may challenge the validity of prior convictions during a sentencing hearing and that the burden to establish invalidity is on the challenging party).

■ This court thus finds here that the Sentencing Guidelines applied to Brown's sentence of June 14, 1991, to one count of possessing cocaine with intent to distribute.

**3.** Application Note 1 to § 4A1.1(a) provides in pertinent part:
   Three points are added for each prior sentence of imprisonment exceeding one year and one month. There is no limit to the number of points that may be counted under this item....

A sentence imposed more than fifteen years prior to the defendant's commencement of the instant offense is not counted unless the defendant's incarceration extended into this fifteen year period.

The court further finds that at the time of sentencing Brown had two countable felony convictions from 1981 and 1985, since Brown has failed to show either the invalidity of these convictions or that they should not have been counted pursuant to § 4A1.2(e)(1) of the United States Sentencing Guidelines. Finally, this court is unpersuaded that counting these convictions amounts to punishment offensive as ex post facto. When sentencing defendants within the maximum as allowed by law, the courts may consider a host of factors to strive for that proper sentence which is best for that individual. One of those factors is past criminality. *Barksdale v. Blackburn,* 670 F.2d 22, 27 (5th Cir.), *cert. denied,* 457 U.S. 1109, 102 S.Ct. 2912, 73 L.Ed.2d 1319 (1982) (sentencing judge has wide discretion in imposing sentence and may properly consider other offenses when it is shown that defendant did in fact perpetrate them). Section 4A1.2(e)(1) merely codifies the approach courts have always taken in sentencing—to hold past criminality negatively against a defendant. The underlying crime for which Brown was sentenced was not elevated ex post facto, nor was its punishment. Within the range of punishment allowed, this court simply held Brown's criminal past against him and counted the prior convictions. This court is not persuaded that this approach is condemned under the ex post facto clauses of the Constitution.

██ In support of this court's conclusion is *U.S. v. Lohan,* 945 F.2d 1214 (2d Cir.1991), where the Second Circuit affirmed a district court's using two state court convictions in computing the defendant's criminal history and total offense level, notwithstanding that the two convictions occurred before the enactment of the Sentencing Guidelines, so long as they were not time barred by the guidelines. Similarly, in *U.S. v. Carson,* 988 F.2d 80 (9th Cir.1993), the Ninth Circuit approved of the district court's inclusion of two convictions in the computation of the defendant's criminal history. The criminal conduct, bank robbery, for which the defendant was being sentenced by the district court occurred after the Sentencing Guidelines were enacted. The two convictions used by the court in the computation of the defendant's criminal history were imposed by a state court prior to defendant's federal sentence for bank robbery, but based upon criminal conduct which occurred after the bank robbery. The Ninth Circuit found that the two convictions were properly considered under the Sentencing Guidelines as prior convictions. The Ninth Circuit concluded that there was no ex post facto problem so long as the criminal conduct for which the defendant was being sentenced in federal court occurred after the guidelines were enacted. And, in *United States v. Guajardo,* 950 F.2d 203, 205–07 (5th Cir.1991), the Fifth Circuit agreed with the Government's argument that the career offender provisions in the Sentencing Guidelines bear a rational relationship to a legitimate governmental purpose because the provisions help prevent repeat offenders from continuing to victimize society. The court also rejected the defendant's argument that the fifteen-year cut-off point is arbitrary and violates equal protection because it bears no rational relationship to considerations underlying the Sentencing Reform Act. *Id.,* at 207.

Therefore, this court finds that none of the four established tests for determining whether a law violates the *ex post facto* clause is present in the case *sub judice* and the court finds no basis for vacating Brown's sentence on this ground.

### b. *Ineffective Assistance of Counsel*

██ Before a conviction or sentence will be overturned based upon a finding of ineffective assistance of counsel, a habeas corpus petitioner will be required to show both that counsel's performance did not amount to reasonably effective assistance and that the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In this instance, Brown's claim of ineffective assistance is based only upon Brown's contention that counsel's failure to object to the court's use of the two prior felony convictions was deficient performance. Inasmuch as the court has found that counting the two convictions in question in the overall computation of Brown's sentence was proper, this court finds no merit to Brown's claim of ineffective assistance.

#### c. *Retroactive Application of Amendment to Sentencing Guidelines*

Brown seeks to amend his petition to argue that he is entitled to a three-point reduction for his crime rather than a two-point reduction due to an amendment to the United States Sentencing Guidelines effective November 1, 1992, which made defendants eligible for a three-level reduction for acceptance of responsibility. This court grants petitioner's motion to amend, but is unpersuaded by the thrust of the amendment.

Brown was sentenced on June 14, 1991. The amendment of which he seeks to have benefit became effective one year and five months after Brown was sentenced. In support of his claim, Brown cites *United States v. Diegert,* 916 F.2d 916 (4th Cir.1990); however, Brown's argument based on this authority belies his argument. *Diegert* is not friendly to Brown's position, since *Diegert* merely holds that amendments to the United States Sentencing Commission Guidelines Manual §§ 1B1.2 and 1B1.3 were mere clarifications and not substantive changes in law. Hence, as mere clarifications, they could be applied retroactively to crimes occurring before this effective date.

A defendant usually is sentenced under the guidelines in effect on the date of sentencing. *U.S. v. Mondaine,* 956 F.2d 939 (10th Cir.1992). The Fifth Circuit has declared that the guidelines in effect at the time of sentencing are the appropriate source for determining a sentence absent any *ex post facto* problem. *United States v. Gonzales,* 988 F.2d 16, 18 (5th Cir.1993). Moreover, there is absolutely no constitutional authority for the proposition that the perpetrator of a crime can claim the benefit of a later enacted statute which lessens the culpability level of that crime after it was committed. Culpability is adjudged on the basis of the laws that existed when the defendant committed the crime. *U.S. v. Haines,* 855 F.2d 199, 200 (5th Cir.1988).

If Brown's argument is correct, then he would be entitled to whittle away his sentence with any beneficial amendments to the guidelines which may be added in the years to come. Regarding the new three-point re-duction for acceptance of responsibility, the reported decisions so far have refused to apply it retroactively. *See United States v. Caceda,* 990 F.2d 707 (2d Cir.1993); *United States v. Cruz,* 814 F.Supp. 14 (E.D.Pa.1993); and *United States v. Heard,* 810 F.Supp. 242 (N.D.Ill.1993). These courts reasoned that only specified amendments listed at § 1B1.10(d) of the Guidelines may be applied retroactively, and § 3E1.1 is not among those listed. This court agrees with this reasoning. Hence, the court finds that Brown is not entitled to a three-point reduction for acceptance of responsibility and that there is no basis for modifying or correcting his sentence on this ground.

Therefore, in sum, the court finds that the motion to vacate or modify sentence submitted by the petitioner, Willie Earl Brown, is not well taken and is denied.

**SO ORDERED AND ADJUDGED.**