OPINION OF THE COURT
Nicholas Tsoucalas, J.
The defendant moves this court for an order pursuant to CPL 440.20 to set aside sentence of this court on the ground that the statute under which he was sentenced was violative of his rights under the equal protection clause and due process clause of the United States Constitution and therefore is invalid as a matter of law. The defendant was convicted upon his plea of guilty to robbery in the second degree, and was sentenced on March 29, 1979 to a term of imprisonment of one to three years, the minimum sentence allowable under the law (Penal Law, § 70.05). The defendant was 15 years old at the time of the commission of the crirpe and is therefore subject to the juvenile offender provisions which took effect on September 1, 1978.
*817 The juvenile offender law was enacted on July 20, 1978 (L 1978, ch 481), amid a climate of increasing public concern at the handling of juveniles within the criminal justice system. The major legislative response was to lower the age of criminal responsibility for certain enumerated felonies, and to amend various provisions of the Penal Law, Criminal Procedure Law, Family Court Act, Correction Law, etc., in accordance with the new statutory scheme. In addition, new criminal categories, to wit, the "Armed Felony” and "Juvenile Offender” were created (CPL 1.20, subds 41, 42).
The youthful offender provisions of CPL article 720 were amended in pertinent part to read as follows:
"(1) 'Youth’ means a person charged with a crime alleged to have been committed when he was at least sixteen years old and less than nineteen years old.
"(2) 'Eligible youth’ means a youth who is eligible to be found a youthful offender. Every youth is so eligible unless:
"(a) The conviction to be replaced by a youthful offender finding is for (i) a class A-I or class A-II felony (ii) an armed felony as deñned in subdivision forty-one of section 1.20, except as provided in subdivision three, or * * *
"(3) Notwithstanding the provisions of subdivision two, a youth who has been convicted of an armed felony offense is an eligible youth if the court determines that one or more of the following factors exist: (i) mitigating circumstances that bear directly upon the manner in which the crime was committed; or (ii) where the defendant was not the sole participant in the crime, the defendant’s participation was relatively minor although not so minor as to constitute a defense to the prosecution. Where the court determines that the eligible youth is a youthful offender, the court shall make a statement on the record of the reasons for its determination, a transcript of which shall be forwarded to the state division of criminal justice services, to be kept in accordance with the provisions of subdivision three of section eight hundred thirty-seven-a of the executive law.” (CPL 720.10; emphasis added.)
It is obvious from CPL 720.10 that the new category of juvenile offender is being discriminated against and these rights under the equal protection clause and the due process clause are being violated since they are being treated in a different manner than similar defendants committing similar acts who are at least 16 years old but less than 19 years of *818 age. By this omission, whether intentional or inadvertent, the Legislature has created the anomaly of compelling the court to impose a more severe penalty on a 14- or 15-year-old "juvenile offender” than one afforded to his 16- to 19-year-old counterpart. It is this distinction that defendant now attacks, alleging that his constitutional rights of equal protection and due process have been vioalted (US Const, 14th Arndt; NY Const, art I, § 11).
The Legislature, by this enactment, has drawn a distinction based solely on the date of birth of a juvenile defendant, and has stripped the courts of discretion to grant youthful offender treatment to a juvenile even in those cases where the ends of justice would best be served by allowing such treatment.[1]
In dealing with equal protection issues, both the Federal and State courts have applied varying standards depending upon both the classification being made and the interest being affected. Where a "suspect” classification (i.e., sex, race, alien-age, etc.) is involved or a fundamental interest is at stake, the courts will apply a strict scrutiny test (Reed v Reed, 404 US 71, 75; Frontiero v Richardson, 411 US 677).
Where the classification is not "suspect” or does not affect a fundamental right, the courts will apply "a rational basis standard” (see Dandridge v Williams, 397 US 471, 485).
In the case at bar, the interest involved is the defendant’s liberty since he would be eligible for probation if youthful offender status was available to him. This court therefore feels constrained to apply the strict scrutiny standard in analyzing the statute. This test requires that the legislative purpose be so compelling as to justify the means utilized (see Alevy v Downstate Med. Center, 39 NY2d 326; Dunn v Blumstein, 405 US 330). Under this standard, the statutory scheme insofar as it denied youthful offender eligibility to the "juvenile offender” cannot pass constitutional muster.
The purpose of youthful offender treatment was and is to "avoid the stigma attached to a conviction for youths treated as youth offenders” (see People v Shannon, 1 AD2d 226, 231, affd 2 NY2d 792). This court can discern no legislative policy which would afford such beneficient treatment to a 16- to 19- *819 year-old offender while denying same to a 14 or 15 year old. Indeed, the case at bar illustrates a classic example of a defendant to whom youthful offender treatment should be afforded.
The probation report indicates that the defendant comes from an emotionally volatile, although concerned family background. This was his first arrest and it appears, without condoning defendant’s actions, that the defendant was not acting alone but was acting in concert with another who was armed. The defendant was subject to intense peer pressure in engaging in the conduct which was the basis of this conviction. It further appears that the defendant is an individual who would be greatly aided by the supervision inherent in a term of probation which would have been available to him if he were at least 16 years old but less than 19 years of age and this court found such mitigating circumstances as required by CPL 720.10 (subd 3).
It cannot be said that defendant’s rights to equal treatment are protected merely because all 14- and 15-year-old defendants are treated alike. "Judicial inquiry under the Equal Protection clause * * * does not end with a showing of equal application among the members of the class defined by the legislation. The courts must reach and determine the question whether the classifications drawn in a statute are reasonable in light of its purpose”. (McLaughlin v Florida, 379 US 184, 191.)
Even applying a rational basis standard, the classification must nevertheless fall. "Equal protection does not require identity of treatment. It only requires that classification rest on real and not feigned differences, that the distinction have some relevance to the purpose for which the classification is made, and that the different treatments be not so disparate, relative to the differences in classification, as to be wholly arbitrary.” (Walters v City of St. Louis, 347 US 231, 237.)
As was stated in McGinnis v Royster (410 US 263, 276) "legislative solutions must be respected if the 'distinctions drawn have some basis in practical experience,’ South Carolina v. Katzenbach, 383 U.S. 301, 331 (1966), or if some legitimate state interest is advanced, Dandridge v. Williams, 397 U.S., at 486.”
The issue involved herein is not whether the Legislature can distinguish between adult and juvenile offenders, as it is well within the province of the Legislature to set policy in *820 that regard. Indeed, had the Legislature sought to abolish youthful offender treatment entirely, it would have been within its discretion and not subject to judicial scrutiny. The United States Court of Appeals for the Fifth Circuit has recently held that: "[Treatment as a juvenile is not an inherent right but one granted by the state legislature, therefore the legislature may restrict or qualify that right as it sees fit, as long as no arbitrary or discriminatory classification is involved.” (Woodward v Wainwright, 556 F2d 781, 785.)
The operative consideration is that the classification be reasonable in regard to the ultimate purpose of the act. This court can discern no rational basis, however, for treating youths under the age of 16 more severely than their 16- to 19-year-old brethren.
In striking down a statute analogous to New York’s to the extent that juveniles were subjected to greater severity of punishment, the Supreme Court of Indiana eloquently stated: "We find no rational basis for discrimination against, and heavier penalties for, those in the lower-age group. It has been suggested that, since members of younger group are more suspeptible of reformation, there is justification for threatening them with greater penalties. We fail to see the logic of such reasoning. A statute providing the death penalty for murder by one under 30 years of age, and a lesser penalty for murder by an older person, would, it seems to us, be clearly unconstitutional. The principle is the same. We find nothing inhering in the difference in ages which is a rational justification for heavier punishment for the younger than for the older class. On the contrary, our treatment of juveniles is based upon the legislative assumption that there is sound basis for the contrary view that penalties should be less severe for those in the tenderer years.” (Dowd v Stuckey, 222 Ind 100, 104-105.)
More recently, the California Court of Appeals (4th Dist) declared unconstitutional as a denial of equal protection a portion of a California statute which allowed the juvenile court to impose the maximum term without the finding of aggravation required before the maximum sentence can be imposed on an adult (Matter of Eric J., 86 Cal App 3d 513).
There is some basis for concluding that the discriminatory effect of this legislation was unintentional, as indicated by a proposed amendment to the statutory scheme S 1819/A 2594, which would, inter alia, make juvenile offenders eligible for *821 youthful offender treatment while at the same time restricting youthful offender eligibility uniformly.
It is indeed hoped that legislative clarification will soon be forthcoming. In the interim, however, it is fundamentally unfair for this defendant to be subjected to the disparity of treatment in the legislation as it now reads.[2]
For all the afore-mentioned reasons, the defendant’s motion to vacate the sentence is granted and the defendant is found to be a youthful offender since this court finds as the mitigating circumstance that defendant did not act alone and was not the real culprit in this crime. In addition, the defendant is resentenced to a term of probation not to exceed five years.

. This court is not unmindful that in the armed felony category, youthful offender treatement is unavailable even to an otherwise eligible youth (i.e., 16 to 19), absent a finding by the court of special circumstances. As indicated, supra, however, this treatment is not available under any circumstances to those youths under 16 years of age.

. There is available the possibility of removal to Family Court for a juvenile offender after conviction. However, such a remedy is only available with the consent of the District Attorney, such consent not being required for youthful offender treatment.