OPINION OF THE COURT
Raymond E. Aldrich, J.
Defendant has been indicted for the crimes of burglary in the first degree (two counts), robbery in the second degree, and rape in the first degree, and has pleaded guilty to the reduced crime of burglary in the second degree in violation of section 140.25 of the Penal Law, a violent felony offense.
Defendant was 14 years old at the time of the criminal offense admittedly committed by him, and was thus criminally responsible for such acts under the provisions of chapter 481 of the Laws of 1978 which was codified in part by subdivision 2 of section 30.00 of the Penal Law.
Following his plea of guilty, he now moves to dismiss the indictment on the grounds that the sentencing provisions of chapter 481 of the Laws of 1978 are violative of his constitutional rights to equal protection of the laws and to due process of law as well as to his rights to be protected against cruel and inhuman punishment, constitutional safeguards afforded by the Fifth, Eighth and Fourteenth Amendments of the Constitution of the United States as well as by similar provisions of the New York State Constitution. In particular, he alleges that because of the classification scheme created by such laws, he is being denied consideration for youthful offender treatment solely because of his age, and that he will be *185 subject to a mandatory period of imprisonment if a simultaneous motion for removal to Family Court (CPL 330.25) is not granted.
The People, joined by the Attorney-General of the State of New York, oppose the relief sought by defendant, averring that the statutory provisions contained within chapter 481 of the Laws of 1978 suffer from no constitutional deficiencies as they relate to the defendant herein.
The grounds advanced in the motion papers do not set forth a basis for dismissal of the indictment, particularly because the court has the option on sentencing to construe the challenged statute in a constitutional manner (People v Kaiser, 21 NY2d 86). Under such circumstances, the court will treat the motion as one requesting that the alleged unconstitutional portion of chapter 481 of the Laws of 1978 be disregarded for purposes of sentencing, and that the defendant be considered as eligible for youthful offender treatment.
As the specific statutory provisions which are the subject of defendant’s motion are an integral part of the juvenile offender act, it is appropriate to view those provisions in the context of the entire statutory scheme of the act and to briefly summarize the same.
The Legislature, in response to a dramatic increase in crimes of violence committed against its citizens by youthful individuals and in view of its determination that existing laws did not provide any satisfactory alternative to adequately respond to the perceived crisis, extended the age of criminal responsibility to youths between the ages of 13 through 15 only as to certain violent crimes enumerated in subdivision 2 of section 30.00 of the Penal Law and ascribed the term "juvenile offender” to them. However, at the same time, concerned about the blanket application of such provisions on such juvenile offenders, and realizing that individual circumstances must also be taken into consideration, ameliorative provisions were simultaneously adopted to avoid the blanket application of the act when mitigating factors suggested the need to consider the offense in the heretofore traditional forum of the Family Court (CPL 180.75, 190.71, 220.10, 310.85, 330.25). However, in the event the proceeding is not removed to Family Court, the Legislature further prescribed that a juvenile offender would be subject to a mandatory sentence of imprisonment, although significantly he or she was to be incarcerated with the Division of Youth and not confined *186 within the general prisoned population (Penal Law, § 70.05, subd 4).
The constitutional question raised by the motion of defendant preliminarily requires the observation that legislative enactments are presumptively constitutional, and a heavy burden rests with the defendant asserting the contrary to overcome that presumption (People v McNair, 46 AD2d 476). A finding of unconstitutionality should be made only when the court is convinced that such enactment is clearly a violation of constitutional rights (People v Klufus, 1 Misc 2d 828, affd 2 AD2d 958). If there is any doubt as to the constitutionality of a statute, the enactment should be upheld (People v Byron, 17 NY2d 64). Finally, a trial court should not set aside a legislative enactment unless such conclusion of unconstitutionality is inescapable (People v Campbell, 92 Misc 2d 732; People v Lofton, 81 Misc 2d 572).
Against this legislative background and the constraints that limit the court’s ability to afford the relief sought, the merits of such defendant’s contentions must be measured by the facts of this case as defendant has standing to challenge the legislative act only insofar as it applies to him.
This criminal proceeding was instituted in a local criminal court, and in accordance with CPL 180.75 defendant was afforded a removal hearing to Family Court and upon its conclusion such relief was denied by the local criminal court.
Thereafter, defendant was indicted by the Grand Jury for the offenses heretofore enumerated, and given the presumption that the Grand Jury during its deliberations performed its duties in accordance with law, the question of removal was presumably again considered but rejected (CPL 190.71). Thereafter, as the result of a plea bargain negotiated between defendant’s attorney and the District Attorney, defendant voluntarily and knowingly entered a plea of guilty to the crime of burglary in the second degree, a class C violent felony offense (Penal Law, § 140.25) said plea presumably entered into after consideration by the defendant of the likelihood of his conviction for the higher crimes charged in the indictment and the possible penal sanctions attached to the same.
At this time, defendant contends that the sentencing scheme that attached to his plea is unconstitutional because it deprives him of possible consideration as a youthful offender (CPL art 720). Such contention is not persuasive when it is *187 viewed in its proper perspective. The provision for youthful offender treatment is an ameliorative mechanism that can avoid some of the harsh results which follow a finding of guilt of a criminal offense for a youthful offender. It seals the records of the offender and limits the term of incarceration, although significantly, it does not preclude the possibility of incarceration (Penal Law, § 60.02). By contrast the provisions of chapter 481 of the Laws of 1978 contain not one but a number of ameliorative mechanisms providing for removal to Family Court at four different stages of the proceeding with the same practical consequences as attaches to an adjudication as a youthful offender under CPL article 720, namely, sealed records and the potential for substantially reduced incarceration for the offender. Hence, while he is not eligible for youthful offender adjudication, the juvenile offender does have available comparable ameliorative treatment.
Equally significant are the observations of the Honorable Theodore G. Barlow who has previously held that the provisions of chapter 481 of the Laws of 1978 are not violative of constitutional standards (People v Mason, 99 Misc 2d 583; see, also, People v Bates, NYLJ, June 1, 1979, p 13, col 1). Justice Barlow notes that there is no constitutional right to youthful offender treatment, citing People v Drayton (39 NY2d 580, 584). Such treatment is afforded only upon a favorable exercise of discretion by the sentencing court, and such court is under no statutory compulsion to afford such relief. Defendant is afforded the same possibility or opportunity for ameliorative relief under the provisions of chapter 481 of the Laws of 1978; indeed, he is subject to the prospects of greater relief and greater opportunity for such relief. Under such circumstances, there is no basis for a finding of a denial of equal protection of law or due process.
It is further noteworthy that the crime that the defendant herein pleaded guilty to was a violent felony offense. A nonjuvenile violent felony offender is subject to a mandatory sentence of imprisonment, with the sentencing court having the power to fix an indeterminate term having a maximum of AY2 to 15 years and a minimum of one third of the maximum (Penal Law, § 70.02, subd 3). By contrast, as a juvenile offender the court, for the same offense, may only impose a maximum indeterminate sentence not to exceed 7 years with the minimum of one third thereof (Penal Law, § 70.05, subd 2, *188 par [d]; subd 3, par [c]). Hence, the juvenile offender may receive a substantially lesser period of imprisonment than a second violent felony offender. The foregoing reflects a legislative recognition of the age of the person under its legislation. Such does not reflect invidious discrimination because of age, but rather reflects a reasoned response in defining the penal responsibility of such offenders under chapter 481 of the Laws of 1978.
It is also important to view the legislation which is challenged by defendant’s motion in the context of the needs of the citizenry of this State. The Legislature is vested with the responsibility of ascertaining what is necessary to promote the health, safety and well-being of its citizens. We live not in a static society but in a changing society, and legislative responses must necessarily be dictated by the evolving needs of its citizens. Analogous to the present legislation is the so-called "Rockefeller Drug Laws”. Its provisions as originally adopted were viewed by some as unduly harsh and constitutionally suspect, yet the courts of this land have respected and upheld the right of the Legislature to respond to a demonstrated problem of drug abuse within the State in the manner provided by that law. The spiraling frequency of criminal attacks by youths upon our citizens has resulted in the legislation now being reviewed upon in this motion, and absent a clear showing to the contrary, it cannot be determined that the legislative solution was neither inappropriate nor insensitive. Citizens of this State have a right to safe streets and homes. The Legislature has the right to take reasoned steps to assure them those rights, and this court is not satisfied that in so doing, the constitutional rights of this defendant have been violated.
Finally, as defendant has yet to be sentenced, his arguments as advanced upon this motion may well be premature as he has not demonstrated that he has suffered any constitutional deprivations because of the statutory scheme of chapter 481 of the Laws of 1978.
For the foregoing reason, this motion of the defendant to dismiss the indictment is denied.