■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MASON, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Richmond County (Barlow, J.), rendered August 15, 1979, convicting him of robbery in the first degree as a juvenile offender, after a nonjury trial, and imposing sentence. Judgment affirmed. We have reviewed the record and agree with defendant's assigned counsel that there are no meritorious issues on this appeal (see *Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; cf. *People v Gonzalez,* 47 NY2d 606). However, there is one aspect of this case that is deserving of comment. Before the trial, defendant, a juvenile offender, moved for relief contending that the juvenile offender legislation enacted in 1978 was unconstitutional insofar as it deprived him of consideration for youthful offender status, although those who were between 16 and 19 years of age at the time they committed crimes were eligible to be so considered. This contention was rejected and his motion was denied (*People v Mason,* 99 Misc 2d 583). Defendant was thereafter convicted of an armed felony offense as defined in CPL 1.20 (subd 41). We are not unmindful that there exists authority contrary to Criminal Term's decision with respect to the general issue raised by defendant's motion (see *People v Michael D.,* 99 Misc 2d

816). However, under the particular facts of this case, as they developed during the trial, it is not arguable that defendant should be granted relief, even if the statutory provisions challenged by defendant were found to be unconstitutional. This is so because a person who was 16 to 19 years old at the time he committed the offense committed by defendant could not have been considered for youthful offender treatment unless (1) there were "mitigating circumstances that bear directly upon the manner in which the crime was committed" or (2) if "the defendant was not the sole participant in the crime, the defendant's participation was relatively minor although not so minor as to constitute a defense to the prosecution" (CPL 720.10, subd 3; see *People v Michael D.,* 99 Misc 2d 816, 818, n 1, *supra*). The record reveals that in this case, defendant and an accomplice robbed the complainant while defendant held a knife to the complainant's throat. Thus, it is beyond dispute that, as a matter of law, the type of mitigating factors required by CPL 720.10 (subd 3) are not present in this case and, therefore, defendant would not be entitled to any relief even if this court were to agree with the constitutional argument which he presented in his pretrial motion. Assuming, *arguendo,* that the 1979 amendment to CPL 720.10 (subd 1) (see L 1979, ch 411, § 14) is applicable to defendant's case, the same analysis and result would obtain. That amendment made juvenile offenders eligible for youthful offender treatment. However, it did not alter the requirement that a mitigating factor be found before one otherwise eligible for youthful offender treatment might be considered for such treatment where his conviction was for an armed felony. Margett, J. P., O'Connor, Weinstein and Bracken, JJ., concur.