■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRANCE JONES, Appellant.—Judgment unanimously modified on the law and as modified affirmed, in accordance with the following memorandum: On appeal from a judgment convicting him of manslaughter in the first degree, defendant's major claims are that the trial court erred in permitting the People to introduce, on rebuttal, testimony of his previously suppressed oral statement to a police detective and in failing to instruct the jury that such testimony could be considered only on the issue of defendant's credibility. Neither claim requires reversal. A statement obtained in violation of a defendant's right to counsel may be used for impeachment on rebuttal, provided the defendant is informed of the circumstances surrounding the making of the statement and is asked whether he in fact made it *(People v Maerling,* 64 NY2d 134; *People v Washington,* 51 NY2d 214; *People v Wise,* 46 NY2d 321, 326). A proper foundation was established for the rebuttal testimony. Defendant made no request for limiting instructions relating to such testimony and we decline to reach the issue in the interest of justice *(cf., People v Grainger,* 114 AD2d 285, 290; *People v Gold,* 57 AD2d 575). We have considered defendant's remaining claims preserved for review and find that none requires a reversal.

Since it is not clear whether defendant was being sentenced as a second felony offender or as a second violent felony offender and since the court mistakenly assumed that the minimum sentence was a term of 9 to 18 years (Penal Law § 70.04 [3] [a]; [4]), we vacate the sentence imposed and defendant is remanded for resentencing. (Appeal from judgment of Niagara County Court, DiFlorio, J.—manslaughter, first degree, and assault, third degree.) Present—Callahan, J. P., Denman, Boomer, Green and Balio, JJ.