■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAY McPHAIL, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25), which is a class D violent felony *(see,* Penal Law § 70.02 [1] [c]). The sentencing court was mistaken when it stated that it believed that there was a requirement that defendant be incarcerated upon such conviction. Upon conviction for a class D violent felony, a number of sentencing options are available. Defendant could have received an indeterminate term ranging from a minimum of 1 to 3 years to 2⅓ to 7 years (Penal Law § 70.02 [2] [b]; § 70.00 [2] [d]; [3] [b]). In the alternative, the court could have sentenced defendant to a definite term of one year or less (Penal Law § 70.02 [2] [b]; § 70.00 [4]). In fact, incarceration is

not mandatory upon conviction for this offense *(see,* Penal Law § 70.02 [2] [b]; § 65.05 [1] [a]).

Although the court clearly was mistaken, here, unlike *People v Jones* (134 AD2d 915, *lv denied* 71 NY2d 1028), it is not necessary to vacate the sentence imposed and remand for resentencing. It is apparent from the sentencing minutes that defendant knew that he faced a maximum seven-year term. Defendant was charged with serious crimes and was allowed to plead guilty to one class D violent felony in full satisfaction of all charges. The sentence imposed by the court was in the middle range for indeterminate sentences and there was no indication that the court was considering less than an indeterminate sentence. Under the circumstances of this case, the court did not abuse its discretion in imposing sentence. (Appeal from judgment of Niagara County Court, DiFlorio, J.—attempted burglary, second degree.) Present—Callahan, J. P., Doerr, Boomer, Green and Pine, JJ.