Terrance JONES, Petitioner,

v.

Melvin L. HOLLINS, Superintendent,
Oneida Correctional Facility,
Respondent.

No. 94–CV–111H.

United States District Court,
W.D. New York.

April 11, 1995.

Lolar Quinlan, Ginger D. Schroder, Jaeckle, Fleischmann & Mugel, Buffalo, NY, for petitioner.

Matthew J. Murphy, III, Dist. Atty., Niagara County, Thomas H. Brandt, Asst. Dist. Atty., Lockport, NY, for respondent.

### DECISION AND ORDER

HECKMAN, United States Magistrate Judge.

The parties have consented to having the Magistrate Judge conduct all proceedings, including entry of judgment, in this petition under 28 U.S.C. § 2254 for habeas corpus relief from a state court conviction. For the reasons that follow, the petition is dismissed.

### BACKGROUND

This is the second habeas corpus petition heard by this court in which the petitioner, Terrance Jones, seeks relief from his June 19, 1985 state court conviction for first degree manslaughter and third degree assault. The facts underlying his conviction are set forth at considerable length in this court's

Decision and Order dismissing his first petition, *see Jones v. Speckard,* 827 F.Supp. 139 (W.D.N.Y.1993), *aff'd,* 14 F.3d 592 (2d Cir. 1993), and will not be restated here unless pertinent or necessary to the determination of this successive petition.

On August 5, 1985, Niagara County Judge Aldo L. DiFlorio sentenced petitioner as a predicate felon to an indeterminate term of imprisonment of 9 to 18 years on the manslaughter conviction and one year on the assault conviction, with the sentences to run concurrently. On direct appeal to the Appellate Division, Fourth Department, petitioner argued that:

(1) the trial court erred by allowing a rebuttal witness to present evidence that had previously been suppressed;

(2) the trial court failed to give the jury a limiting instruction on the consideration to be given the rebuttal witness's testimony;

(3) the trial court improperly charged the jury on principal and accessorial liability;

(4) he was denied effective assistance based on trial counsel's:

(a) failure to request limiting instructions on the consideration to be given the rebuttal testimony;

(b) failure to object to the rebuttal witness's testimony;

(c) failure to object to the court's "interested witness" charge;

(d) failure to object to the court's improper charge on principal and accessorial liability; and

(e) failure to object to the sentence; and,

(5) the court sentenced him based on the erroneous belief that the minimum allowable sentence was 9 to 18 years (*see Pro Se Appellate Brief dated April 2, 1987, State Court Records*).

On November 10, 1987, the Fourth Department affirmed petitioner's conviction, finding that a proper foundation had been established for use of the rebuttal testimony for impeachment purposes, and that no request for limiting instructions relating to the rebuttal testimony had been made. The court stated that it had considered the remaining

claims preserved for review and found "that none requires reversal." *People v. Jones,* 134 A.D.2d 915, 522 N.Y.S.2d 70, 71 (4th Dept.1987). However, the court vacated the sentence and remanded petitioner for resentencing, finding the record unclear as to whether petitioner was sentenced as a second felony offender or a second violent felony offender, and "since the court mistakenly assumed that the minimum sentence was a term of 9–18 years...." *Id.* Petitioner's request to appeal from this order was denied by the Court of Appeals on May 19, 1988. *People v. Jones,* 71 N.Y.2d 1028, 530 N.Y.S.2d 563, 526 N.E.2d 56 (1988).

At resentencing on January 1, 1988, Judge DiFlorio gave petitioner the same 9 to 18 year term. Petitioner appealed, arguing that the judge should not have used his February, 1979 conviction, entered on a plea of guilty to robbery charges filed against him in 1978 when he was 14 years old, as a predicate felony to enhance his sentence. He also argued that the sentence was harsh and vindictive.

On July 12, 1989, the Fourth Department affirmed the judgment on resentencing. The court found that a prior juvenile offender felony conviction is a predicate felony for sentencing purposes, and that there was no merit to petitioner's arguments that his sentence was harsh and excessive. *People v. Jones,* 152 A.D.2d 917, 917, 544 N.Y.S.2d 745, 745 (4th Dept.1989). Leave to appeal to the Court of Appeals was denied on September 15, 1989. *People v. Jones,* 74 N.Y.2d 848, 546 N.Y.S.2d 1013, 546 N.E.2d 196 (1989).

Meanwhile, on June 29, 1988, petitioner filed his original petition for habeas corpus (No. 88–CV–0688E) with this court, in which he raised the following six grounds for relief: [1]

(1) improper use of previously suppressed evidence on rebuttal;

(2) failure to properly instruct the jury as to how that evidence should be considered;

(3) improper jury instruction on accessorial liability;

(4) denial of effective assistance of trial counsel;

(5) denial of right to be present at all material stages of the trial; and

(6) failure to instruct the jury as to manslaughter in the second degree as a lesser included offense of second degree murder.

On June 9, 1992, No. 88–CV–0688E was referred to the undersigned to hear and report, pursuant to 28 U.S.C. § 636(b)(1)(B). Upon being informed that petitioner's previously assigned counsel could not continue in her representation, this court assigned new counsel, allowed further amendment of the petition and set a new briefing schedule. An amended petition was filed on November 2, 1992, asserting the following four grounds for relief:

(1) failure to instruct the jury as to second degree manslaughter as a lesser included offense;

(2) improper sentence as a second felony offender;

(3) trial on a charge based on principal liability that varied from the charge in the indictment based on accessorial liability; and

(4) ineffective assistance of counsel.

On December 1, 1992, an answer was filed by the respondent raising an exhaustion of state remedies defense to grounds (2) and (4). By stipulation filed on January 4, 1993, the petition was again amended to delete the two unexhausted grounds. The parties consented to have all further proceedings conducted by the Magistrate Judge, and the petition then proceeded through judgment on June 15, 1993, and affirmance by the Second Circuit on November 24, 1993, as mentioned above.

Meanwhile, on March 27, 1993, petitioner filed a motion in Niagara County Court pursuant to N.Y.C.P.L. 440.10, challenging his June, 1985 conviction on the grounds (1) that he was unconstitutionally adjudicated a predicate felony offender, and (2) that he was denied effective assistance of trial counsel. On April 20, 1993, the County Court denied this motion, finding that these grounds

---

1. Petitioner raised five grounds for relief in his original petition. On September 28, 1989, petitioner was granted leave to file a supplemental complaint which raised a sixth claim.

should have been raised on appeal. On June 10, 1993, the Fourth Department denied leave to appeal, and on August 2, 1993, the Court of Appeals dismissed the appeal.

This second petition was filed *pro se* on February 18, 1994, alleging three grounds for relief:

(1) unconstitutional adjudication as a second felony offender;

(2) vindictive resentencing; and

(3) ineffective assistance of counsel (Item 1).

On March 4, 1994, Hon. John T. Elfvin appointed the same counsel who represented petitioner on his previous petition (Item 4). On March 6, 1994, Judge Elfvin ordered petitioner to explain why this petition should not be dismissed as an abuse of the writ under Rule 9(b) of the Rules Governing Section 2254 Cases in the United States District Court[2] (Item 5). In response, petitioner explained that he withdrew the sentencing and ineffective assistance claims from his first habeas petition on the advice of counsel, and attempted to exhaust those claims in state court by way of his C.P.L. § 440.10 motion, so that the exhausted claims set forth in the first petition could be heard by this court without further delay (Item 7).

On April 20, 1994, Judge Elfvin referred the second petition to the undersigned to hear and report (Item 8). Upon receipt of the file, this court issued a scheduling order for service, answer and briefing (Item 9). On August 3, 1994, an answer was filed on behalf of respondent by the Niagara County District Attorney's Office (Item 10), along with a memorandum of law (Item 11), raising the defense that petitioner has failed to exhaust claim two (vindictive sentencing) and has procedurally defaulted on claims one (second felony offender) and three (ineffective assistance). The answer and memorandum also request dismissal of the petition

under Rule 9(b) of the Habeas Rules for abuse of the writ.

On December 20, 1994, after the parties consented to proceed before the undersigned (Item 14), petitioner filed a memorandum of law in support of the claims in his second petition (Item 17). On February 10, 1995, respondent filed a memorandum of law addressing the merits of each of those claims (Item 18).[3] Oral argument of the petition was held on April 7, 1995.

## DISCUSSION

This petition presents two basic claims for habeas corpus relief: (1) that he was denied due process by the sentencing court, and (2) that his trial counsel was ineffective. Each of these claims will be discussed in turn.

### I.  Sentencing Issues.

Petitioner claims that his due process rights were violated because the sentence imposed by Judge DiFlorio at his resentencing on January 1, 1988 (a) was vindictive, and (b) was improperly enhanced based on his prior conviction for robbery in 1979.

As an initial matter, claims arising out of a state court's sentencing decision are ordinarily not reviewable by the federal habeas court. *Haynes v. Butler*, 825 F.2d 921, 923 (5th Cir.1987), *cert. denied*, 484 U.S. 1014, 108 S.Ct. 717, 98 L.Ed.2d 667 (1988); *Alvarez v. Scully*, 1993 WL 15455, at *8 (S.D.N.Y.1993), *aff'd*, 23 F.3d 397 (2d Cir. 1994). However, habeas corpus relief is available where the petitioner is able to show that the sentence imposed falls outside of the range prescribed by state law. *Hamilton v. Hood*, 806 F.Supp. 429, 434 (S.D.N.Y.1992); *Chisholm v. Henderson*, 736 F.Supp. 444, 447 (E.D.N.Y.1990), *aff'd*, 953 F.2d 635 (2d Cir. 1991); *Castro v. Sullivan*, 662 F.Supp. 745, 753 (S.D.N.Y.1987). If the sentence is within statutory limits, a petitioner must show that

---

**2.**  Rule 9(b) provides:

A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to

assert those grounds in a prior petition constituted an abuse of the writ.

**3.**  Accordingly, the defenses of exhaustion, procedural default and abuse of the writ have been waived. *See Plunkett v. Johnson*, 828 F.2d 954, 956 (2d Cir.1987); *Godfrey v. Irvin*, 871 F.Supp. 577, 584 n. 3 (W.D.N.Y.1994).

the state court's sentencing decision was wholly devoid of discretion or amounted to an arbitrary or capricious abuse of discretion, or that an error of law resulted in the improper exercise of the sentencer's discretion and thereby deprived the petitioner of his liberty. *See Haynes v. Butler, supra* at 924 (citing *Hicks v. Oklahoma,* 447 U.S. 343, 346, 100 S.Ct. 2227, 2229, 65 L.Ed.2d 175 (1980)).

In this case, the sentence imposed by Judge DiFlorio falls within the range prescribed by state law.[4] Accordingly, in order to obtain habeas corpus relief, petitioner must show that Judge DiFlorio abused his discretion or committed errors of law at resentencing resulting in an unconstitutional deprivation of liberty. As the following discussion shows, while the "vindictive resentencing" and "improper enhancement" claims fall within this category of habeas review, petitioner has failed to meet his burden.

### A. Vindictive Resentencing.

Petitioner claims that Judge DiFlorio committed constitutional error by resentencing him on January 1, 1988 to the same sentence as originally imposed on August 5, 1985. The transcript of the August 5, 1985 sentencing proceeding supports petitioner's argument that Judge DiFlorio was under the mistaken impression at the time of the original sentencing that 9–18 years was the minimum allowable sentence for a second felony offender convicted of first degree manslaughter. This was pointed out by the Appellate Division in remanding the case for resentencing. *People v. Jones, supra,* 134 A.D.2d at 915, 522 N.Y.S.2d at 71. Petitioner argues that by imposing the same sentence on resentencing the judge was punishing him for successfully appealing the first sentence, in violation of the presumption against vindictive sentencing set forth in *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).

■ In *Pearce,* the Supreme Court held that the due process clause limits a state's authority to impose a harsher sentence on a defendant who has been reconvicted after a new trial for the same offense. According to the Court, "vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." *Id.* at 725, 89 S.Ct. at 2080. Thus, where a harsher sentence is imposed by the same judge on resentencing, the defendant is entitled to a "presumption of vindictiveness" which may be rebutted by objective information in the record supporting the harsher sentence. *United States v. Goodwin,* 457 U.S. 368, 374, 102 S.Ct. 2485, 2489, 73 L.Ed.2d 74 (1982); *Wasman v. United States,* 468 U.S. 559, 565, 104 S.Ct. 3217, 3221, 82 L.Ed.2d 424 (1984). This "prophylactic rule" applies to resentencing after vacation of sentence as well as to resentencing after retrial. *United States v. Jefferson,* 760 F.2d 821, 825 (7th Cir.), *vacated on other grounds,* 474 U.S. 806, 106 S.Ct. 41, 88 L.Ed.2d 34 (1985); *Gauntlett v. Kelley,* 658 F.Supp. 1483, 1490–91 (W.D.Mich.1987), *aff'd,* 849 F.2d 213 (6th Cir.1988).

However, the presumption of vindictiveness does not apply where the penalty imposed on resentencing is the same as the original sentence. *United States v. Moore,* 997 F.2d 30, 38 (5th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 647, 126 L.Ed.2d 605 (1993); *United States v. Schoenhoff,* 919 F.2d 936, 938 (5th Cir.1990); *see also Brown v. District Court, Nassau Co.,* 637 F.Supp. 1096, 1098–99 (E.D.N.Y.1986). In such a case, a due process violation can be demonstrated only by showing of "actual vindictiveness upon resentencing." *Texas v. McCullough,* 475 U.S. 134, 138, 106 S.Ct. 976, 978–79, 89 L.Ed.2d 104 (1986); *see also Wasman v. United States, supra,* 468 U.S. at 569, 104 S.Ct. at 3223.

■ In this case, the sentence imposed by Judge DiFlorio on resentencing was exactly the same length as the original sentence. Petitioner argues that the presumption of vindictiveness should apply nonetheless be-

---

4. The authorized term of imprisonment under the New York Penal Law for a second felony offender convicted of first degree manslaughter, a class B violent felony offense (N.Y.Penal Law § 70.02(1)(a)), is a maximum term of at least nine years and no more than twenty-five years (N.Y.Penal Law § 70.06(3)(b)), and a minimum term of one-half the maximum term imposed (N.Y.Penal Law § 70.06(4)(b)).

cause the transcript of the August 5, 1985 sentencing shows that Judge DiFlorio originally intended to impose the minimum allowable sentence which, had the judge properly followed the statute, would have been 4½–9 years. However, upon review of the sentencing transcript, I find it equally plausible to conclude that Judge DiFlorio considered a 9–18 year sentence appropriate whether or not it was the minimum sentence allowable by statute.

Accordingly, petitioner has not demonstrated that the *Pearce* presumption of vindictiveness applies to the facts of this case. In addition, petitioner has failed to demonstrate actual vindictiveness. This court's review of the transcript of the resentencing proceedings indicates that most of the colloquy between the court and petitioner or his counsel involved the question as to whether petitioner's February, 1979 robbery conviction could be used as a predicate felony. While the record reflects some degree of frustration or agitation on the part of the judge with petitioner's refusal to admit to the fact that he was convicted of second degree robbery in 1979 (R. 2–7),[5] the record also reflects that the judge gave petitioner the opportunity to discuss the matter with counsel (R. 9, 13) and gave counsel the opportunity to address the predicate felon issue (R. 10–13). The judge's remarks primarily reflect his view that the predicate felon issue was raised at the original sentencing and was preserved for appellate review (R. 14). His remarks also reflect his interest in clarifying the record regarding whether he originally sentenced petitioner as a second felony offender or as a second violent felony offender (*id.*).

This evidence is insufficient to prove actual vindictiveness on the part of Judge DiFlorio in resentencing petitioner to the same term of imprisonment as imposed under the original sentence. Petitioner has therefore failed to meet his burden of establishing that the judge abused his discretion or committed an error of law resulting in an unconstitutional deprivation of petitioner's liberty. Accordingly, petitioner's claim for habeas corpus relief based on vindictive resentencing is denied.

### B. Adjudication as Second Felony Offender.

█ Petitioner claims that the trial court erred by using his 1979 robbery conviction as a basis for sentencing him as a second felony offender. He claims that but for an unconstitutional age-based distinction in New York's youthful offender statute as it stood in March, 1979, he would have been entitled to the protections of youthful offender status. *See* N.Y.C.P.L. Article 720.[6] He also claims that, even if the statute was not unconstitutional, he was denied due process because the transcript of his 1979 sentencing proceeding has been lost.

According to petitioner, New York's statutory scheme for adjudication of youthful offender status as it stood on March 2, 1979 was unconstitutional because it allowed 16 through 19 year-olds the benefits of youthful offender status but denied the same benefits to 13 through 15 year-olds. Petitioner was fifteen years old when he was sentenced in March, 1979.[7]

This claim was presented to the state appellate courts on petitioner's appeal from re-

---

5. References preceded by "R." are to pages of the transcript of petitioner' resentencing on January 1, 1988, on file with this court as part of the state court records.

6. Article 720 sets forth the basic framework for adjudication of youthful offender status and the effect thereof. For example, N.Y.C.P.L. § 720.35 provides that a youthful offender adjudication is not a judgment of conviction for a crime or offense, does not operate as a disqualification for holding public office, employment or licensing (§ 720.35(1)), and allows for confidential treatment of criminal records under certain circumstances (§ 720.35(2)).

7. Petitioner was charged under indictments 6149 and 6184–A for separate robberies which occurred in September, 1978, shortly before his fifteenth birthday on September 29, 1978. He eventually entered a guilty plea to second degree robbery in full satisfaction of both indictments, and was sentenced on March 2, 1979 to a term of 1½ to 4 years in the care and custody of the Division for Youth (*see* Respondent's Brief on Petitioner's Appeal from Resentencing, and Appendices thereto, on file with this court as part of the state court records).

sentencing, and was rejected. *See People v. Jones, supra,* 152 A.D.2d 917, 544 N.Y.S.2d 745 (4th Dept.), *appeal denied,* 74 N.Y.2d 848, 546 N.Y.S.2d 1013, 546 N.E.2d 196 (1989); *see also* Appellant's Brief dated February 27, 1989, pp. 13–31, State Court Records. The Fourth Department found "no merit to [petitioner's] argument[ ] that he should have been sentenced as a youthful offender...." 152 A.D.2d at 917, 544 N.Y.S.2d 745.

. This same claim has also been litigated in the New York State courts by other defendants claiming eligibility for youthful offender status. *See People v. Mason,* 99 Misc.2d 583, 416 N.Y.S.2d 981 (Sup.Ct.Richmond Co. 1979) (applying "rational basis" test on pretrial motion to reject equal protection challenge to state's juvenile offender statutes affording differing treatment to young persons based on age); *People v. Mason,* 85 A.D.2d 673, 445 N.Y.S.2d 197 (2nd Dept.1981) (even if constitutional argument on pretrial motion was valid, facts developed at trial showed that defendant would not have been eligible for youthful offender status based on nature of crime and lack of mitigating factors); *People v. Ryals,* 100 Misc.2d 551, 420 N.Y.S.2d 257 (Sup.Ct.Kings Co.1979) (applying "rational basis" test to reject equal protection challenge to state's juvenile offender statutes affording distinguishing treatment to young persons based on the gravity of the crime charged; equal protection challenge based on age alone rejected as premature); *People v. Williams,* 100 Misc.2d 183, 418 N.Y.S.2d 737 (Dutchess Co.) (1979) (rejecting constitutional challenge to denial of youthful offender status to 14 year-old who pleaded guilty to violent felony (second degree burglary)); *but see People v. Michael D.,* 99 Misc.2d 816, 417 N.Y.S.2d 604 (Sup.Ct. Queens Co.1979) (applying "strict scrutiny" standard to find statutory scheme denying youthful offender status to juvenile offenders unconstitutional because of different treatment based on age).

Upon review of the principles discussed in these cases in light of the record presented on this petition, and upon review of New York's statutory scheme for determining youthful offender status eligibility, I find that

petitioner has failed to meet his burden of showing that Judge DiFlorio violated his constitutional rights by using the 1979 conviction for second degree robbery as a predicate felony for enhancement purposes. Under Article 720 of the N.Y.C.P.L. as it stood in March, 1979, a person charged with second degree robbery would not have been eligible for youthful offender treatment unless the court found "mitigating circumstances" bearing directly on the manner in which the crime was committed, N.Y.C.P.L. § 720.10(3)(i), or relatively minor participation in the crime charged, N.Y.C.P.L. § 720.10(3)(ii). This requirement was not altered by the amendment to Article 720 effective August 5, 1979, which "ameliorated an anomaly where certain juvenile offenders aged 13, 14 or 15 ... could be treated more harshly than 16, 17 and 18 year old [youthful offenders]." N.Y.C.P.L. § 720.10, Practice Commentary; *see also id.,* Historical Note.

As the record shows, petitioner's 1979 conviction for second degree robbery was entered on a plea in satisfaction of two separate charges of first degree robbery, allegedly committed with a dangerous instrument against two different women on two occasions in September 1978. Petitioner has not demonstrated, and indeed has not argued here or at any other time, that any mitigating factors bearing directly on the commission of these two crimes were presented or could have been presented to the sentencing or appellate courts. Thus, even if this court should agree with his argument about the constitutionality of the statutory distinction based on age, an unlikely result in light of the weight of state court precedent cited above, petitioner has failed to show that he would otherwise have been entitled to the protections of youthful offender status "as a matter of law...." *People v. Mason, supra,* 85 A.D.2d at 674, 445 N.Y.S.2d at 198.

In addition, petitioner has failed to show that the contents of the transcript of the March 2, 1979 proceedings would have had any bearing on Judge DiFlorio's sentencing decision. Indeed, given the severity of the crimes involved, and given the complete absence of evidence in the extensive state court record that any mitigating circumstances

bearing on those crimes were ever presented to or discussed by the state courts during the entire history of sentencing and appellate review, it is difficult to conceive how petitioner could make such a showing.

Accordingly, I find that petitioner has failed to meet his burden on this petition of demonstrating that the trial judge abused his discretion or committed a legal error when he sentenced petitioner as a predicate felon based on the 1979 robbery conviction. Petitioner is therefore not entitled to habeas corpus relief on this ground.

## II. Ineffective Assistance of Trial Counsel.

In order to obtain habeas relief on this ground, petitioner must show both (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

> This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment ... [and] that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction ... resulted from a breakdown in the adversary process that renders the result unreliable.

*Id.*

■ The habeas court reviewing an ineffective assistance claim must apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and that counsel has "made all significant decisions in the exercise of reasonable professional judgment," under prevailing professional norms. *Id.* at 690, 104 S.Ct. at 2066; *Minor v. Henderson,* 754 F.Supp. 1010, 1016 (S.D.N.Y.1991). The petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* (quoting *Michel v. Louisiana,* 350

U.S. 91, 101, 76 S.Ct. 158, 164, 100 L.Ed. 83 (1955)); *see also Minor v. Henderson, supra.*

Even if a petitioner can overcome the strong presumption that his or her counsel's performance fell within the range of reasonable professional assistance and judgment under prevailing norms, he or she must also establish that counsel's performance prejudiced the defense—*i.e.,* that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," considering the totality of the evidence. *Strickland v. Washington, supra* 466 U.S. at 694, 104 S.Ct. at 2068; *Minor v. Henderson, supra; see also United States ex rel. Roche v. Scully,* 739 F.2d 739, 742–44 (2d Cir.1984).

In this case, petitioner claims that his assigned trial counsel's performance was deficient in the following respects: (a) he failed to produce medical reports, witnesses or other corroborative evidence in support of petitioner's self-defense claim, (b) he failed to object to the harsh and erroneous sentence of 9–18 years, (c) his severely impaired hearing hindered his ability to effectively represent petitioner, (d) he made no objection to the admissibility of testimony about statements that had been suppressed at a pretrial *Huntley* [8] hearing, (e) he failed to request limiting jury instructions on the consideration to be given those statements, and (f) he failed to object to the court's instruction on interested witnesses. Each of these claims will be discussed in turn.

### A. Failure to Present Corroborative Self–Defense Evidence.

■ Generally, the decision whether to pursue a particular defense is a tactical choice which does not rise to level of a constitutional violation. *Sanchez v. Scully,* 613 F.Supp. 1065, 1068 & n. 5 (S.D.N.Y.1985). The same is true with respect to counsel's decision whether to call any witnesses on behalf of the defendant, and if so, which witnesses to call. *United States v. Nersesian,* 824 F.2d 1294, 1321 (2d Cir.), *cert. denied,* 484 U.S. 958, 108 S.Ct. 357, 98 L.Ed.2d 382 (1987). As repeatedly stated by the Second Circuit, the habeas court "will not

8. *People v. Huntley,* 15 N.Y.2d 72, 255 N.Y.S.2d     838, 204 N.E.2d 179 (1965).

second-guess trial strategy simply because the chosen strategy has failed ...," *United States v. DiTommaso,* 817 F.2d 201, 215 (2d Cir.1987), especially where the petitioner has failed to identify any specific evidence or testimony that would have helped his case if presented at trial. *See United States v. Nersesian, supra,* 824 F.2d at 1321; *see also Minor v. Henderson, supra,* 754 F.Supp. at 1018.

■ In this case, petitioner contends that counsel was constitutionally ineffective because he failed to investigate petitioner's claim that he received medical treatment for a cut on his hand that was inflicted during his attempt to defend himself from the victim's knife attack. However, petitioner has not presented any medical reports or other evidence to suggest that he even received such treatment. In addition, considering as a whole the evidence that was presented to the jury, petitioner has failed to show that further pursuit of his self-defense claim would have altered the result. The jury was given the opportunity at trial to observe petitioner's hand that he claimed was slashed by the victim, and the record reflects that there was no permanent scar (T. 592–94).[9] The jury also heard from several witnesses who testified that they saw petitioner use some kind of a knife or razor to cut the victim (T. 317, 319, 325, 387–88, 403), and the doctor who treated the victim at the hospital testified that he had several lacerations on his face (T. 470, 472).

In light of this evidence, and in the absence of any evidence other than petitioner's own testimony to support his claim of self-defense, petitioner has failed to meet his burden of showing that his counsel's decision not to further investigate the self-defense claim fell outside the range of reasonable professional assistance and judgment under prevailing norms. "On the record that has been presented ..., not only was such a decision reasonable, but it appears to have been the only rational choice. Petitioner has presented no evidence to the contrary." *Minor v. Henderson, supra* at 1018. In addi-

tion, considering the totality of the evidence, petitioner has failed to demonstrate a reasonable probability that, but for counsel's failure to further develop the self-defense theory, the result of the trial would have been different.

### B. Failure to Challenge the Sentence.

Inasmuch as this court has already found that the sentence imposed by Judge DiFlorio was within statutory limits, and that the sentencing decision was not based on an abuse of discretion or an error of law, there is no merit to petitioner's claim that his counsel's failure to challenge the sentence was constitutionally deficient. *See, e.g., United States v. Brown,* 879 F.Supp. 610 (S.D.Miss.1995).

### C. Counsel's Impaired Hearing.

Without providing specific citations to the record, petitioner claims that the trial transcript is "replete" with examples of counsel's inability to hear well enough to provide effective representation. This conclusory allegation, made without any factual or caselaw support, is insufficient to overcome the "strong presumption" of reasonable assistance. It is also insufficient to show how the result of the trial would have been different if counsel had better hearing.

In any event, upon review of the transcript, I find no evidence of a hearing impairment severe enough to render counsel's performance constitutionally deficient.

### D. Failure to Object to Admissibility of Detective Clute's Statements.

■ Petitioner claims that his counsel's performance was deficient because he failed to object to the rebuttal testimony of Detective Richard Clute regarding an oral statement made by petitioner on October 2, 1983, the day of his arrest. That statement had been ruled inadmissible at a pretrial *Huntley* hearing because it was obtained in violation of petitioner's sixth amendment right to counsel.

---

**9.** References preceded by "T." are to pages of the transcript of petitioner' trial, on file with this court as part of the state court records.

On direct appeal, the state courts specifically rejected petitioner's claim that the trial court erred in admitting the statement for impeachment purposes. *See People v. Jones, supra,* 134 A.D.2d at 915, 522 N.Y.S.2d at 71. As stated by the Fourth Department, "[a] statement obtained in violation of a defendant's right to counsel may be used for impeachment on rebuttal, provided the defendant is informed of the circumstances surrounding the making of the statement and is asked whether in fact he made it." *Id.* (citing cases). Accordingly, even if petitioner's counsel had objected to Detective Clute's rebuttal testimony, it is highly unlikely that the state courts would have precluded the prosecution's impeachment efforts. Petitioner has therefore failed to meet his burden on this petition of showing that the result would have been different but for counsel's errors.

**E.  Failure to Request Limiting Jury Instructions.**

■ Petitioner claims that his counsel's performance was constitutionally deficient because he failed to request that judge instruct the jury about the proper consideration to be given to Detective Clute's rebuttal testimony. My review of the transcript of the jury charge indicates that the judge properly instructed the jury about the order of proof, including the opportunity for rebuttal (T. 10–14), and gave proper general instructions about witness credibility (T. 710–14). In addition, my review of the trial transcript indicates that the only logical reason for Detective Clute's rebuttal testimony was for the purposes of impeachment—*i.e.,* to cast doubt on the petitioner's credibility by pointing out inconsistencies between his testimony and his statement at the time of the incident. Indeed, the content of the statement was entirely exculpatory. Thus, even if the jury were to have considered the matters asserted in the statement as evidence-in-chief, there is no showing of prejudice.

Accordingly, petitioner has failed to meet his burden of demonstrating how the result of the trial would have been different but for his counsel's failure to request limiting jury instructions about the consideration to be given Detective Clute's rebuttal testimony.

**F.  Failure to Object to the Court's "Interested Witness" Charge.**

Finally, petitioner claims that counsel's performance was deficient because he failed to object to the trial judge's instruction to the jury regarding the assessment of the credibility of witnesses interested in the outcome of the case. Upon review of the "interested witness" section of Judge DiFlorio's jury charge (T. 711–13), I find that the charge contained "balancing language" sufficient to cure any prejudice. *See United States v. Matias,* 836 F.2d 744, 749–50 (2d Cir.1988); *United States v. Gleason,* 616 F.2d 2, 15 (2d Cir.1979), *cert. denied,* 445 U.S. 931, 100 S.Ct. 1320, 63 L.Ed.2d 764 (1980).

Accordingly, petitioner has failed to demonstrate that his trial counsel's performance was deficient or that counsel's performance prejudiced his defense. In fact, counsel's performance resulted in verdicts of not guilty on the murder and assault charges. Considering the totality of the evidence in light of the legal requirements discussed above, counsel's performance in this case certainly fell within the range of reasonable professional assistance and judgment under prevailing norms. *Strickland v. Washington, supra,* 466 U.S. at 694, 104 S.Ct. at 2068.

### CONCLUSION

For the reasons set forth herein, this petition for habeas corpus is denied, and the case is dismissed.

Pursuant to 28 U.S.C. § 2253, a certificate of probable cause is granted. *Lozada v. Deeds,* 498 U.S. 430, 111 S.Ct. 860, 112 L.Ed.2d 956 (1991); *Grune v. Coughlin,* 913 F.2d 41 (2d Cir.1990).

**SO ORDERED.**