89 F.3d 826
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Terrance JONES, Petitioner-Appellant,
v.
Melvin L. HOLLIS, Superintendent, Oneida Correctional
Facility, Respondent-Appellee.
 No. 95-2279.
 United States Court of Appeals, Second Circuit.
 Nov. 30, 1995.
 
 APPEARING FOR APPELLANT: LAWLOR F. QUINLAN III, Jaeckle, Fleischmann & Mugel, Buffalo, New York.
 APPEARING FOR APPELLEE: THOMAS H. BRANDT, Assistant District Attorney for Niagara County, Lockport, New York.
 Before LUMBARD, MAHONEY and LEVAL, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Western District of New York and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.
 
 
 3
 1. Petitioner-appellant Terrance Jones appeals from a judgment entered April 12, 1995 in the United States District Court for the Western District of New York that dismissed his petition for habeas corpus pursuant to 28 U.S.C. § 2254 and granted a certificate of probable cause. We affirm substantially for the reasons stated in the opinion of the district court, see Jones v. Hollins, 884 F.Supp. 758 (W.D.N.Y.1995), but add the following observations concerning Jones' contention that he was unconstitutionally sentenced as a second felony offender.
 
 
 4
 2. Jones contends on appeal that a prior conviction for armed robbery (in satisfaction of two separate charges of armed robbery) should not have been considered in sentencing because he was fifteen at the time of the prior conviction, and the law at that time allowed defendants aged sixteen to nineteen to be sentenced as youthful offenders (precluding use of the related conviction as a predicate felony in subsequent sentencing), but did not afford this privilege to juvenile offenders aged thirteen to fifteen. Jones argues that this disparity deprived him of the equal protection of the laws in violation of the Fourteenth Amendment. The Appellate Division rejected this claim on the direct appeal of the conviction from which Jones now seeks habeas relief. See People v. Jones, 152 A.D.2d 917, 544 N.Y.S.2d 745 (4th Dep't) (mem.), appeal denied, 74 N.Y.2d 848, 546 N.E.2d 196, 546 N.Y.S.2d 1013 (1989).
 
 
 5
 3. The New York courts that have considered this argument have generally rejected it on the basis that substantially equivalent lenity was available to juvenile offenders via provision for transfer of their cases to Family Court. See e.g., People v. Williams, 100 Misc.2d 183, 187-88, 418 N.Y.S.2d 737, 740 (County Ct.1979); People v. Mason, 99 Misc.2d 583, 587-88, 416 N.Y.S.2d 981, 985 (Sup.Ct.1979); see also People v. Ryals, 100 Misc.2d 551, 556, 420 N.Y.S.2d 257, 261 (Sup.Ct.1979). But see People v. Michael D., 99 Misc.2d 816, 818 & n. 1, 417 N.Y.S.2d 604, 606 & n. 1 (Sup.Ct.1979).
 
 
 6
 4. In any event,
 
 
 7
 a person who was 16 to 19 years old at the time he committed the offense committed by [Jones] could not have been considered for youthful offender treatment unless (1) there were "mitigating circumstances that bear directly upon the manner in which the crime was committed", or (2) if "the defendant was not the sole participant in the crime, the defendant's participation was relatively minor although not so minor as to constitute a defense to the prosecution" (CPL 720.10, subd. 3; see People v. Michael D., 99 Misc.2d 816, 818, n. 1, 417 N.Y.S.2d 604, supra ).
 
 
 8
 People v. Mason, 85 A.D.2d 673, 674, 445 N.Y.S.2d 197, 198 (2d Dep't 1981) (mem.) (alteration added). The district court ruled adversely to Jones on this issue because Jones had "not demonstrated, and indeed ha[d] not argued here or at any other time, that any mitigating factors bearing directly on the commission of [the prior robberies] were presented or could have been presented to the sentencing or appellate courts." 884 F.Supp. at 764 (emphasis and alteration added). Jones argues on appeal that no mitigating factors were presented in the initial state court proceeding "because he had no reason to believe that introducing such factors would result in treatment as a youthful offender." At the time he pled guilty to the predicate felony in 1979, however, the constitutional issue that he now presents was being contested throughout the New York judicial system. Further, no explanation is presented for his failure to present or argue mitigating factors in the subsequent state court proceedings to which this habeas proceeding is directed, or at any time in the habeas litigation in the district court or on this appeal. We accordingly perceive no basis to conclude that Jones has been unconstitutionally sentenced. See People v. Mason, 85 A.D.2d at 674, 445 N.Y.S.2d at 198.